**United States District Court**
For the Northern District of California

1
2
3
4
5
6

IN THE UNITED STATES DISTRICT COURT

7

FOR THE NORTHERN DISTRICT OF CALIFORNIA

8
9
10

STEPHEN DWAYNE LESTER,                    No. C 11-3123 WHA (PR)

11

        Plaintiff,                    **ORDER OF DISMISSAL WITH
LEAVE TO AMEND**

12

  vs.

13

SAN FRANCISCO SHERIFF'S
DEPARTMENT; SAN FRANCISCO

14

COUNTY BOARD OF PAROLE;
SAN FRANCISCO COUNTY

15

SUPERIOR COURT; SAN
FRANCISCO COUNTY JAIL;

16

PUBLIC DEFENDER'S OFFICE;
KAMALA HARRIS; DEPUTY NUE;

17

BAILIFF HERNANDEZ; VILASKA
NGUYEN; MICHAEL MARTEL;

18

ARAMARK,

19

        Defendants.
                               /

20
21

**INTRODUCTION**

22

      Plaintiff, an inmate in the San Francisco County Jail, filed a pro se civil rights complaint

23

under 42 U.S.C. 1983. He has been granted leave to proceed in forma pauperis in a separate

24

order. Based upon a review of the complaint pursuant to 28 U.S.C. 1915A, it is dismissed with

25

leave to amend.

26

**DISCUSSION**

27

A.   **STANDARD OF REVIEW**

28

      Federal courts must engage in a preliminary screening of cases in which prisoners seek

**United States District Court**
For the Northern District of California

1    redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

2    1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims

3    which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek

4    monetary relief from a defendant who is immune from such relief.  *Id*. at 1915A(b)(1),(2).  Pro

5    se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699

6    (9th Cir. 1990).

7         Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

8    claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the

9    statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds

10   upon which it rests."'"  *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).

11   Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a

12   plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than

13   labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

14   do. . . .   Factual allegations must be enough to raise a right to relief above the speculative

15   level."  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A

16   complaint must proffer "enough facts to state a claim for relief that is plausible on its face."  *Id.*

17   at 1974.

18        To state a claim under 42 U.S.C.  1983, a plaintiff must allege two essential elements:

19   (1) that a right secured by the Constitution or laws of the United States was violated, and (2)

20   that the alleged deprivation was committed by a person acting under the color of state law.

21   *West v. Atkins*, 487 U.S. 42, 48 (1988).

22   **B.    LEGAL CLAIMS**

23        The complaint contains a substantial number of improperly joined claims.  "A party

24   asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or

25   alternative claims, as many claims as it has against an opposing party."  Fed. R. Civ. P. 18(a).

26   The rules are somewhat different when, as here, there are multiple parties.  Multiple parties may

27   be joined as defendants in one action only "if any right to relief is asserted against them jointly,

28   severally, or in the alternative with respect to or arising out of the same transaction, occurrence,

or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." *Id.* at 20(a)(2).

The upshot of these rules is that "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits." *Ibid.*

Plaintiff makes a wide range of allegations about the conditions of his confinement at the county jail between January 23 and February 8, 2011, against eleven named defendants.  His allegations include: being assigned an upper bunk, inadequate medical care, denial of the phones, interference with mail, verbal harassment, interference with his criminal court proceedings, unsanitary food, a missing lunch, and denial of envelopes.  Plaintiff alleges that these violations of his rights were carried out by different defendants, and they do not arise out of the same transaction, occurrence or series of occurrences, and do not involve a common question of law or fact.  The complaint is simply a recitation of seemingly all the things that plaintiff has found objectionable during the course of his stay in the county jail. "A buckshot complaint that would be rejected if filed by a free person – say, a suit complaining that A defrauded plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions – should be rejected if filed by a prisoner." *Ibid.* Accordingly, the defendants and claims in the complaint are improperly joined.

Although a court may strike individual claims that are not properly joined, it cannot be determined here which of the many claims plaintiff may wish to keep and which he wants to omit.  *See* Fed. R. Civ. P. 21.  Thus, instead of dismissing certain claims and defendants, the complaint is now dismissed with leave to file an amended complaint.  The amended complaint must comply with Federal Rules of Civil Procedure 18 and 20 concerning joinder of claims and defendants, and if it does not then this action will be dismissed.

## CONCLUSION

1.  The complaint is **DISMISSED** with leave to amend, as indicated above, within thirty days from the date of this order.  The amended complaint must include the caption and civil

United States District Court
For the Northern District of California

case number used in this order (No. C 11-3123 WHA (PR)) and the words AMENDED COMPLAINT on the first page.  Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  He may not incorporate material from the original complaint by reference.  Failure to amend within the designated time and in accordance with this order will result in the dismissal of these claims.

2.  It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address by filing with the clerk a separate paper headed "Notice of Change of Address."  Papers intended to be filed in this case should be addressed to the clerk and not to the undersigned.  Petitioner also must comply with the curt's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

   **IT IS SO ORDERED.**

Dated: July ____5____, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.11\LESTER3123.LTA.wpd

4